STATE OF NORTH CAROLINA, EX REL UTILITIES COMMISSION AND SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, APPLICANT AND THE ERVIN COMPANY

— v. —

TOWN OF PINEVILLE, NORTH CAROLINA AND PINEVILLE TELEPHONE AND ELECTRIC COMPANY

No. 7310UC83

(Filed 14 March 1973)

1. **Utilities Commission § 7— extension of service — necessity for certificate of public convenience and necessity**

   A public utility may construct and operate its utility plant or system and extend its public utility service without first obtaining a certificate of public convenience and necessity if the construction and extension is into territory which is (1) contiguous to that already occupied by such public utility and (2) not receiving similar service from another public utility.

2. **Utilities Commission § 2— municipality is not public utility**

   The term "public utility" does not include a municipality. G.S. 62-3(23)d.

3. **Telephone and Telegraph Companies § 1; Utilities Commission § 7— extension of telephone service — area already served by municipality — certificate of public convenience and necessity**

   No certificate of public convenience and necessity was required for Southern Bell to extend its telephone service into an area already served by a telephone company operated by the Town of Pineville where the Utilities Commission found upon competent evidence that (1) the area is contiguous to the territory presently occupied by Southern Bell, and (2) the area is not presently receiving similar service from another "public utility" since the Town of Pineville operates its telephone company as a municipality and the Pineville Telephone Company is not a separate legal entity.

APPEAL by Town of Pineville from Order of North Carolina Utilities Commission dated 27 June 1972.

This is the second time this case has reached this Court. The factual background and prior procedural history of this case are set forth in the opinion of this Court rendered on the first appeal reported in 13 N.C. App. 663, 187 S.E. 2d 473. They will not be repeated here. After this case was remanded to the Utilities Commission as result of the decision of this Court on the first appeal, further hearings were held before the Commission on 3, 19 and 26 May 1972. At the conclusion of these hear-

ings the Commission issued its order dated 27 June 1972 in which it made, among others, the following findings of fact:

"1. Southern Bell is a public utility as defined in Chapter 62 of the North Carolina General Statutes and is a corporation engaged in the business of conveying and transmitting messages and communications by telephone and by other means of transmission for the public for compensation within its certificated service area within the State of North Carolina and is, therefore, subject to the jurisdiction of this Commission and is properly before the Commission with respect to the subject matter of this proceeding.

"2. As Southern Bell has expanded its existing service areas into contiguous areas it has historically filed revised exchange service area maps with the Commission in the Charlotte Service Area. Its service area maps have been revised on seventeen occasions over a twenty year period to reflect its expanding service territory into contiguous territories to meet the demands of the public for service.

"3. Upon request by The Ervin Company, a developer of the Raintree Subdivision within the area of the proposed extension, on March 23, 1971, Southern Bell filed with the Commission its Eighteenth Revised Map reflecting an extension of its Charlotte Exchange Service Area to include that part of the Raintree Development north of Four Mile Creek and other adjacent area not presently served by another public utility, which said map on its face reflects that the area within the city limits of the Town of Pineville has been excluded from said map.

"4. The territorial extension reflected in the Eighteenth Revised Map is into an area contiguous to the presently occupied service area of Southern Bell as reflected by a comparison of its Seventeenth Revised Map with the Eighteenth Revised Map and the testimony of Mr. Selden given both before and after the appeal of this matter.

"5. The territorial extension proposed by the Eighteenth Revised Map is into an area not presently receiving telephone service from another public utility.

"6. The Town of Pineville is a municipality, having been incorporated by an Act of the General Assembly of North Carolina effective February 28, 1873. . . .

"7. The Town of Pineville has owned and operated a telephone system as a municipality in the area of the Eighteenth Revised Map since the telephone system was purchased by the Town on March 28, 1938. The designations 'Pineville Telephone Company' or 'Pineville Telephone and Electric Company' are simply designations in the nature of trade names variously used to identify telephone operations of the Town of Pineville, a municipal corporation.

\* \* \* \* \*

"11. There is no separate legal entity under the designation 'Pineville Telephone Company' or 'Pineville Telephone and Electric Company' as a partnership, a co-operative association, business corporation, non-profit corporation, or an unincorporated association of people."

On these findings, the Commission entered its order approving the Eighteenth Revised Map which had been filed by Southern Bell on 23 March 1971, allowing it to become effective, and denying the motion of the Town of Pineville for an order requiring Southern Bell to cease and desist operations in the area. From this order the Town of Pineville appealed.

*Edward B. Hipp and Maurice W. Horne for North Carolina Utilities Commission, appellee.*

*James M. Kimzey for Southern Bell Telephone & Telegraph Company, appellee.*

*Cansler, Lockhart & Eller by Thomas R. Eller, Jr. for The Ervin Company, appellee.*

*Broughton, Broughton, McConnell & Boxley by J. Melville Broughton, Jr., J. Mac Boxley, Charles P. Wilkins and Kenneth R. Downs for the Town of Pineville, appellant.*

PARKER, Judge.

[1] G.S. 62-110 provides as follows:

"§ 62-110. *Certificate of convenience and necessity.*— No public utility shall hereafter begin the construction or operation of any public utility plant or system or acquire

ownership or control thereof, either directly or indirectly, without first obtaining from the Commission a certificate that public convenience and necessity requires, or will require, such construction, acquisition, or operation: Provided, that this section shall not apply to construction into territory contiguous to that already occupied and not receiving similar service from another public utility, nor to construction in the ordinary conduct of business."

Under this statute a public utility may construct and operate its utility plant or system and extend its public utility services, without first obtaining a certificate of public convenience and necessity, if the construction and extension is into territory which is (1) contiguous to that already occupied by such public utility and (2) not receiving similar service from another public utility.

[2, 3] On competent, material and substantial evidence the Utilities Commission has found that the territorial extension involved in the present case "is into an area contiguous to the presently occupied service area of Southern Bell," and such area is "not presently receiving telephone service from another public utility." It has also found on such evidence that the Town of Pineville is a municipality and that as a municipality it has owned and operated a telephone system within the area of Southern Bell's proposed extension. However, by statutory definition the term "public utility" does not include a municipality. G.S. 62-3(23)d. Consequently, a municipal corporation such as the Town of Pineville, which furnishes telephone services to its inhabitants and to others in its vicinity, is not subject to regulation by the North Carolina Utilities Commission, and the provisions of Chapter 62 of the General Statutes do not apply to it, except as otherwise stated therein. *Dale v. Morganton,* 270 N.C. 567, 155 S.E. 2d 136. Appellant Town of Pineville admits that it owns the telephone system which serves its citizens and others living outside but near to its municipal borders but continues to insist that the system is operated by a separate legal entity known as "Pineville Telephone Company" or "Pineville Telephone and Electric Company" and that this separate legal entity is a public utility within the meaning of Chapter 62 of the General Statutes and particularly within the meaning of G.S. 62-110. The evidence, however, is to the contrary. The finding by the Commission that there is no separate legal entity under the designation "Pineville Telephone Com-

pany" or "Pineville Telephone and Electric Company" is fully supported by competent, material and substantial evidence in view of the entire record as submitted. Such a finding is conclusive on this appeal. *Utilities Comm. v. Telephone Co.*, 281 N.C. 318, 189 S.E. 2d 705.

Thus, findings by the Commission which are binding on this appeal establish that the territory into which Southern Bell proposes to extend its services in the present case is both contiguous to the territory presently occupied by it and is not receiving similar service from another public utility as the term "public utility" is defined for purposes of G.S. Chapter 62. This brings the extension of Southern Bell's services involved in the present case within the proviso to G.S. 62-110, and no certificate of public convenience and necessity was required. The Commission's findings support its order.

We have carefully reviewed all of appellant's assignments of error and find them without merit. The order appealed from is

Affirmed.

Judges CAMPBELL and MORRIS concur.